946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aziz A. SAMAD, a/k/a Leon Tyrone Denson, Plaintiff-Appellant,
v.
Joel LEEGAN, James Bowlen, Teresa Franks, Dana Pevahouse,
Kay Winkler, Ricky Bell, Carl Odle, Fred Raney,
Jon Engle, Aliceen Creasy, and Billie
Dicus, Defendants-Appellees.
 No. 90-6197.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Aziz A. Samad appeals the summary judgment for defendants, employees of the Wayne County Work Camp ("WCWC") in Tennessee, in this prisoner civil rights action filed under 42 U.S.C. § 1983. Plaintiff claimed due process violations in connection with a prison disciplinary hearing. The district court held that the defendants were entitled to qualified immunity and we affirm.
 
 I.
 
 2
 Samad was incarcerated at the WCWC from October 1987 to June 1988. On January 19, 1988, he was accused by Corporal Jon Engle of assaulting a fellow inmate. Samad appeared before the Disciplinary Board on January 21, and pleaded not guilty to the charge. Engle testified as to statements made to him by a confidential informant concerning the January 19 assault. The Board, consisting of defendants Joel Leegan, Teresa Franks, and Dana Pevahouse, found Samad guilty and recommended his termination from the Work Camp program.
 
 
 3
 Samad met with the Reclassification Board on January 25, 1988, and was reclassified to closed security and transferred from the WCWC. Warden James Bowlen affirmed Samad's conviction upon appeal in February 1988.
 
 
 4
 Thereafter, Samad filed this civil rights action, under 42 U.S.C. § 1983, pro se and in forma pauperis, claiming religious discrimination and procedural due process violations arising from his reclassification and disciplinary hearings, and seeking declaratory, injunctive, and monetary relief. This appeal is limited to plaintiff's claim arising from the Disciplinary Board hearing.
 
 
 5
 The district court, adopting the magistrate's report and recommendation, found that Samad's disciplinary hearing was procedurally inadequate and set trial for April 24, 1990. Defendants then filed a motion for partial summary judgment, claiming qualified immunity. The district court granted Samad summary judgment for declaratory relief on his claim that the Board violated his procedural due process rights, but it also granted defendants summary judgment, ruling that they were entitled to qualified immunity because the due process rights Samad was denied were not clearly established at the time of his disciplinary hearing.
 
 II.
 
 6
 Samad argues that Board members Leegan, Franks, and Pevahouse, and Warden Bowlen violated his Fourteenth Amendment right to procedural due process at the disciplinary hearing conducted on January 21, 1988. He alleges that the evidence relied upon by the Board to find him guilty of assault--the testimony of Corporal Engle--is constitutionally inadequate because it relied upon the hearsay statement of a confidential informant without setting forth the details or verifying the accuracy of that statement.
 
 
 7
 Although Samad addresses this issue at length in his brief, he does so needlessly. The district court agreed with Samad that his procedural due process rights were violated when the Board based its decision upon the testimony of Corporal Engle, who presented confidential information without preparing a written record describing the evidence relied upon. Such a contemporaneous written record is required and must include details of the informant's statements and the Board's reasons for finding the informant's statements reliable. See Hensley v. Wilson, 850 F.2d 269, 282-83 (6th Cir.1988). Thus, it is undisputed that Samad's procedural due process rights were violated.
 
 
 8
 Samad also contends that defendants are not entitled to qualified immunity. It is well settled that government officials performing discretionary functions are generally clothed with qualified immunity. This immunity shields them from civil damages liability provided their actions "could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Id. at 639 (citations omitted). The contours of the clearly established right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 640. Thus, the unlawfulness must be apparent in light of preexisting law at the time the alleged violation occurred.
 
 
 9
 We find that the unlawfulness of which Samad complains was not apparent, within the meaning of Anderson, at the time of Samad's disciplinary hearing. This case is very similar to Hensley, wherein state prison inmates brought a civil rights action against various correction officials complaining about the manner in which their prison disciplinary hearings were conducted. We held that the correction officials were entitled to qualified immunity with respect to the claim that the prison disciplinary committees failed to make an independent assessment of informant reliability and a contemporaneous record of that assessment, even though due process required that be done under Wolff v. McDonnell, 418 U.S. 539 (1974). Wolff held that prisoners are entitled to advance written notice of the charges against them and "a written statement of the factfindings as to the evidence relied upon and the reasons for the disciplinary action taken" because such a reviewable record demonstrates that the prisoner has been treated fairly and was permitted to mount a meaningful defense. Id. at 563. In Hensley, we found the requirements of Wolff were not "clearly established" at the time the defendants violated the prisoners' rights. 850 F.2d at 274.
 
 
 10
 Hensley was decided by this court on June 20, 1988. The Board found Samad guilty of assault on January 21, 1988; therefore, because Hensley had not been decided at the time of Samad's disciplinary hearing, the requirements of Wolff were not "clearly established" at that time. Defendants are, therefore, entitled to qualified immunity.
 
 
 11
 As a final matter, Samad argues that defendants' conduct violated Tennessee Department of Corrections Policy No. 502.01 in that the Board failed to verify the accuracy of the confidential information. That policy provides, in pertinent part: "It shall be the Board's responsibility to verify the accuracy of all confidential information received prior to final resolution of the case at hand." Even if the Board violated this policy, we find Samad's claim meritless because officials do not lose their qualified immunity when they violate administrative regulations which merely set forth procedures. See Davis v. Scherer, 468 U.S. 183 (1984); Spruytte v. Walters, 753 F.2d 498, 510-511 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986).
 
 III.
 
 12
 Accordingly, the district court's summary judgment for defendants is AFFIRMED.